**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **TOMMY EARL JORDAN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:11-CV-1026-K (BK)** |
| | § | |
| **GARY FITZSIMMONS, et al.,** | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was

referred for pretrial management.  For the reasons that follow, it is recommended that the

complaint be dismissed with prejudice as frivolous.

**I.  BACKGROUND**

Plaintiff, a state inmate, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983,

naming as Defendants Dallas County District Clerk Gary Fitzsimmons, former Dallas District

Judge John Nelms, Defense Counsel Russell Hendricks, Dallas County Prosecutors Patrick

Kirlin and Phillip Lander, and Neiman Marcus employees Emily DeVaughn and Davis Norwood.

He was released from confinement contemporaneously with or shortly after the filing of this

action.  (*See* Doc. 4 at 1.)  Thereafter, the Court granted Plaintiff's motion for leave to proceed *in*

*forma pauperis* and issued two questionnaires.  The Court, however, has not issued process

pending preliminary screening.

**A.      Procedural History and Prior Civil Rights Action**

In January 1995, Plaintiff was arrested and convicted following an incident at the Neiman

Marcus store in downtown Dallas, and was sentenced to a forty-year term of imprisonment in

*State v. Jordan*, No. F95-02478-RN (195th Jud. Dist. Court, Dallas County, 2005), *aff'd*, No. 05-95-01244-CR, 1997 WL 335003, *1 (Tex. App.-Dallas 1997, pet. ref.). (Doc. 11, ans. 1.) He is currently serving the remaining portion of his forty-year sentence on mandatory supervised release or parole. (Doc. 11, ans. 1.)

Plaintiff unsuccessfully challenged his conviction in state and federal habeas proceedings. *See Jordan* v. *Dretke,* No. 3:05-CV-0541-L, (N.D. Tex. 2006) (dismissing section 2254 petition as time barred), *certificate of appealability denied*, No. 06-10778 (5th Cir. 2007); *Ex parte Jordan*, No. WR-40,739-13 (Tex. Crim. App. 2009) (dismissing state application as abuse of the writ and barring future state applications); *Ex parte Jordan*, No. WR-40,739-14 and -15 (Tex. Crim. App. 2009) (dismissing state habeas applications based on abuse of writ order in No. WR-40,739-13); *Jordan v. Thaler*, No. 3:11-CV-0899-P, 2011 WL 2469418 (N.D. Tex. 2011), recommendation accepted, 2011 WL 2469586 (transferring successive federal petition to Court of Appeals); *Ex parte Jordan*, No. WR-40,739-16 (Tex. Crim. App. 2011) (denying and dismissing state habeas application).

In addition, Plaintiff filed a prior civil rights action against all Defendants in this case, except for District Clerk Fitzsimmons, challenging his arrest and prosecution. *See Jordan v. Nelms*, *et al.*, No. 3:02-CV-1043-M (N.D. Tex. 2002). The court dismissed the case as frivolous because all claims were barred under the *Heck v. Humphrey* doctrine. *Id.*, 2002 WL 1461906 (N.D. Tex. 2002). The United States Court of Appeals for the Fifth Circuit affirmed, but barred

Plaintiff from proceeding *in forma pauperis* under the three-strike provision of the Prison

Litigation Reform Act.  *Jordan v. Nelms, et al.*, No. 02-10803, 54 Fed. Appx. 796 (5th Cir. 2002)

(unpublished *per curiam*).[1]

**B.     Current Action**

In the present complaint, as supplemented by the answers to the questionnaire, Plaintiff

re-alleges the claims stemming from his 1995 arrest and prosecution against the same Defendants

named in No. 3:02-CV-1043-M.  (Doc. 2 at 4; Doc. 11, ans. 4-10; Doc. 14, ans. 1.)  He also

raises a *new* claim against a *new* defendant, Dallas County District Clerk Fitzsimmons, whom he

contends refused to file a motion for leave to file a state habeas application in February 2011.

(Doc. 2 at 3; Doc. 11, ans. 3; Doc. 14, ans. 1.)  Plaintiff seeks monetary damages.  (Doc. 2 at 4.)

## II.  DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening

under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for *sua sponte* dismissal of a complaint if

the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief

may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law when it is

"based on an indisputably meritless legal theory."  *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se*

litigant.  *See Haines v. Kerner*,  404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are

---

[1] As a result of his release from confinement, Plaintiff is no longer barred by the three-strike provision.

held to less stringent standards than formal pleadings drafted by lawyers). Even under this most

liberal construction, the complaint should be dismissed as frivolous.

**A.      Defendant Fitzsimmons**

Plaintiff seeks to sue District Clerk Fitzsimmons for refusing to file motions for leave to

file a state habeas application, the first one addressed to State District Judge Fred Tinsley of the

195th Judicial District Court, and the second one addressed to Craig Watkins, Dallas County

District Attorney. (Doc. 11, ans. 3.) Plaintiff's factual allegations, however, do not support a

constitutional violation under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to

state civil rights claim cognizable under section 1983, plaintiff must allege (1) that he was

deprived of a right secured by the Constitution or laws of the United States; and (2) that the

deprivation was caused by one acting under color of state or federal law).

Even assuming Plaintiff was still incarcerated in February 2011, he has not and cannot

state any actual injury as a result of the alleged denial of access to the courts stemming from

Fitzsimmons refusal to file his motions for leave. *See Lewis v. Casey*, 518 U.S. 343, 351-53

(1996) (inmate may recover for denial of constitutional right to access courts only if he can

demonstrate that he suffered actual injury as a result of alleged denial). Plaintiff concedes that

the Dallas County District Clerk's office filed his state application, and claims that the initial

refusal to file his motions for leave only prevented him from "receiv[ing] an[] action which could

have be[en] favorable." (Doc. 11, ans. 3.) In addition, his pleadings do not allege that the

refusal to file his motions prejudiced his ability to purse a legal claim relating to his state habeas

application, which the Texas Court of Criminal Appeals denied in April 2011.  *See Lewis*, 518

U.S. at 354.  Therefore, Plaintiff's claims against Defendant Fitzsimmons lack an arguable basis

in law and should be dismissed with prejudice as frivolous.[2]

**B.     Remaining Defendants**

      1.     <u>Duplicate Claims</u>

The allegations against the remaining Defendants duplicate claims raised and addressed

in *Jordan v. Nelms*, No. 3:02-CV-1043-M, 2002 WL 1461906 (N.D. Tex. 2002) (dismissing

claims as barred under *Heck v. Humphrey* doctrine).  Plaintiff's assertion that he has raised a

new, non-frivolous claim is conclusory at best.  (Doc. 11, ans. 11.)  The pleadings and magistrate

judge's recommendation in case number 3:02-CV-1043-M confirm that Plaintiff is suing the

same Defendants for civil rights violations arising from the 1995 Neiman Marcus incident and

subsequent robbery conviction.  Therefore, Plaintiff's claims against the remaining Defendants

should be dismissed with prejudice.  *See Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993)

(dismissing *in forma pauperis* complaint as malicious when it "duplicates allegations of another

pending federal lawsuit by the same plaintiff").

      2.     *<u>Heck v. Humphrey</u>* <u>Doctrine</u>

Even if not duplicitous, Plaintiff's present claims relate to his 1995 arrest, prosecution,

and conviction and are, thus, barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).

A ruling in Plaintiff's favor on the various claims pled against the state district judge, county

prosecutors, criminal defense attorney, and Neiman Marcus employees "would necessarily imply

---

[2] As reflected on the state courts' website, Petitioner's state habeas application was filed on March 3, 2011, *see Ex parte Jordan*, No. W95-02478-J (195th Jud. Dist. Court 2011), and it was denied on April 20, 2011.  *Ex parte Jordan*, No. WR-40,739-16 (Tex. Crim. App. 2011).

the invalidity of his conviction." *Id.* at 487.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87. The *Heck* Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983." *Id.* at 487. "The policy undergirding the favorable termination rule is based on 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Ballard v. Burton*, 444 F.3d 391, 397 (5th Cir. 2006) (quoting *Heck*, 512 U.S. at 486).

Here, Plaintiff cannot satisfy the *Heck* favorable termination requirement. In answer to the questionnaire, he concedes that no court has reversed or invalidated his 1995 robbery conviction and 40-year term of imprisonment. (Doc. 11, ans 1-2.) Therefore, unless and until his conviction has been reversed on direct appeal, expunged by executive order, or called into question by a federal writ of habeas corpus, Plaintiff cannot maintain a civil action for damages seeking to undermine his conviction. *Heck*, 512 U.S. at 488-89.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be **DISMISSED** with

prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).  It is further recommended that

Petitioner's letter motion requesting copies of unspecified documents free of charge (Doc. 13) be

**DENIED** as moot.

SIGNED September 19, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE