IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY EARL JORDAN, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:11-CV-1026-K (BK) | |
| § | | |
| GARY FITZSIMMONS, et al., § | | |
| Defendants. § | | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management. For the reasons that follow, it is recommended that the complaint be dismissed with prejudice as frivolous.

I. BACKGROUND

Plaintiff, a state inmate, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, naming as Defendants Dallas County District Clerk Gary Fitzsimmons, former Dallas District Judge John Nelms, Defense Counsel Russell Hendricks, Dallas County Prosecutors Patrick Kirlin and Phillip Lander, and Neiman Marcus employees Emily DeVaughn and Davis Norwood. He was released from confinement contemporaneously with or shortly after the filing of this action. (*See* Doc. 4 at 1.) Thereafter, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and issued two questionnaires. The Court, however, has not issued process pending preliminary screening.

A.  **Procedural History and Prior Civil Rights Action**

In January 1995, Plaintiff was arrested and convicted following an incident at the Neiman Marcus store in downtown Dallas, and was sentenced to a forty-year term of imprisonment in

*State v. Jordan*, No. F95-02478-RN (195th Jud. Dist. Court, Dallas County, 2005), *aff'd*, No. 05-95-01244-CR, 1997 WL 335003, *1 (Tex. App.-Dallas 1997, pet. ref.). (Doc. 11, ans. 1.) He is currently serving the remaining portion of his forty-year sentence on mandatory supervised release or parole. (Doc. 11, ans. 1.)

Plaintiff unsuccessfully challenged his conviction in state and federal habeas proceedings. *See Jordan* v. *Dretke,* No. 3:05-CV-0541-L, (N.D. Tex. 2006) (dismissing section 2254 petition as time barred), *certificate of appealability denied*, No. 06-10778 (5th Cir. 2007); *Ex parte Jordan*, No. WR-40,739-13 (Tex. Crim. App. 2009) (dismissing state application as abuse of the writ and barring future state applications); *Ex parte Jordan*, No. WR-40,739-14 and -15 (Tex. Crim. App. 2009) (dismissing state habeas applications based on abuse of writ order in No. WR-40,739-13); *Jordan v. Thaler*, No. 3:11-CV-0899-P, 2011 WL 2469418 (N.D. Tex. 2011), recommendation accepted, 2011 WL 2469586 (transferring successive federal petition to Court of Appeals); *Ex parte Jordan*, No. WR-40,739-16 (Tex. Crim. App. 2011) (denying and dismissing state habeas application).

In addition, Plaintiff filed a prior civil rights action against all Defendants in this case, except for District Clerk Fitzsimmons, challenging his arrest and prosecution. *See Jordan v. Nelms*, *et al.*, No. 3:02-CV-1043-M (N.D. Tex. 2002). The court dismissed the case as frivolous because all claims were barred under the *Heck v. Humphrey* doctrine. *Id.*, 2002 WL 1461906 (N.D. Tex. 2002). The United States Court of Appeals for the Fifth Circuit affirmed, but barred

Plaintiff from proceeding *in forma pauperis* under the three-strike provision of the Prison Litigation Reform Act. *Jordan v. Nelms, et al.*, No. 02-10803, 54 Fed. Appx. 796 (5th Cir. 2002) (unpublished *per curiam*).[1]

**B.    Current Action**

In the present complaint, as supplemented by the answers to the questionnaire, Plaintiff re-alleges the claims stemming from his 1995 arrest and prosecution against the same Defendants named in No. 3:02-CV-1043-M.  (Doc. 2 at 4; Doc. 11, ans. 4-10; Doc. 14, ans. 1.)  He also raises a *new* claim against a *new* defendant, Dallas County District Clerk Fitzsimmons, whom he contends refused to file a motion for leave to file a state habeas application in February 2011.  (Doc. 2 at 3; Doc. 11, ans. 3; Doc. 14, ans. 1.)  Plaintiff seeks monetary damages.  (Doc. 2 at 4.)

## II. DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are

---

[1] As a result of his release from confinement, Plaintiff is no longer barred by the three-strike provision.

held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, the complaint should be dismissed as frivolous.

A.  **Defendant Fitzsimmons**

Plaintiff seeks to sue District Clerk Fitzsimmons for refusing to file motions for leave to file a state habeas application, the first one addressed to State District Judge Fred Tinsley of the 195th Judicial District Court, and the second one addressed to Craig Watkins, Dallas County District Attorney. (Doc. 11, ans. 3.) Plaintiff's factual allegations, however, do not support a constitutional violation under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to state civil rights claim cognizable under section 1983, plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law).

Even assuming Plaintiff was still incarcerated in February 2011, he has not and cannot state any actual injury as a result of the alleged denial of access to the courts stemming from Fitzsimmons refusal to file his motions for leave. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996) (inmate may recover for denial of constitutional right to access courts only if he can demonstrate that he suffered actual injury as a result of alleged denial). Plaintiff concedes that the Dallas County District Clerk's office filed his state application, and claims that the initial refusal to file his motions for leave only prevented him from "receiv[ing] an[] action which could have be[en] favorable." (Doc. 11, ans. 3.) In addition, his pleadings do not allege that the refusal to file his motions prejudiced his ability to purse a legal claim relating to his state habeas

application, which the Texas Court of Criminal Appeals denied in April 2011. *See Lewis*, 518 U.S. at 354. Therefore, Plaintiff's claims against Defendant Fitzsimmons lack an arguable basis in law and should be dismissed with prejudice as frivolous.[2]

**B.      Remaining Defendants**

    1.      Duplicate Claims

The allegations against the remaining Defendants duplicate claims raised and addressed in *Jordan v. Nelms*, No. 3:02-CV-1043-M, 2002 WL 1461906 (N.D. Tex. 2002) (dismissing claims as barred under *Heck v. Humphrey* doctrine). Plaintiff's assertion that he has raised a new, non-frivolous claim is conclusory at best. (Doc. 11, ans. 11.) The pleadings and magistrate judge's recommendation in case number 3:02-CV-1043-M confirm that Plaintiff is suing the same Defendants for civil rights violations arising from the 1995 Neiman Marcus incident and subsequent robbery conviction. Therefore, Plaintiff's claims against the remaining Defendants should be dismissed with prejudice. *See Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993) (dismissing *in forma pauperis* complaint as malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff").

    2.      *Heck v. Humphrey* Doctrine

Even if not duplicitous, Plaintiff's present claims relate to his 1995 arrest, prosecution, and conviction and are, thus, barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). A ruling in Plaintiff's favor on the various claims pled against the state district judge, county prosecutors, criminal defense attorney, and Neiman Marcus employees "would necessarily imply

---

[2] As reflected on the state courts' website, Petitioner's state habeas application was filed on March 3, 2011, *see Ex parte Jordan*, No. W95-02478-J (195th Jud. Dist. Court 2011), and it was denied on April 20, 2011. *Ex parte Jordan*, No. WR-40,739-16 (Tex. Crim. App. 2011).

the invalidity of his conviction." *Id.* at 487.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87.  The *Heck* Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983." *Id.* at 487.  "The policy undergirding the favorable termination rule is based on 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Ballard v. Burton*, 444 F.3d 391, 397 (5th Cir. 2006) (quoting *Heck*, 512 U.S. at 486).

Here, Plaintiff cannot satisfy the *Heck* favorable termination requirement.  In answer to the questionnaire, he concedes that no court has reversed or invalidated his 1995 robbery conviction and 40-year term of imprisonment.  (Doc. 11, ans 1-2.)  Therefore, unless and until his conviction has been reversed on direct appeal, expunged by executive order, or called into question by a federal writ of habeas corpus, Plaintiff cannot maintain a civil action for damages seeking to undermine his conviction.  *Heck*, 512 U.S. at 488-89.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be **DISMISSED** with

prejudice as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).  It is further recommended that

Petitioner's letter motion requesting copies of unspecified documents free of charge (Doc. 13) be

**DENIED** as moot.

SIGNED September 19, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE